UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> STEPHEN MICHAEL FLECK, <br><br> Defendant. | Case No. 1:15-CR-00300-DAD-BAM <br><br> **ORDER RE DISCOVERY OF RECORDED STATEMENT** <br><br> **(Doc. 69, 70, and 73)** |

Pending before the Court is Defendant Fleck's motion for discovery. Defendant moves to compel the government to produce the recorded statement of co-conspirator Cerin Pernisie. The motion came on for hearing on April 25, 2016. Defense counsel Philip Cherney appeared for defendant, and AUSA Kathy Servatius appeared for the government. The Court heard oral argument and took the motion under submission to review the defendant's reply brief. Having considered the moving, opposition, and reply papers, the argument of counsel and the entire file, the Court rules as follows.

**Background and Parties' Positions**

As is relevant to the motion before the Court, Dependent Stephen Michael Fleck was indicted for Conspiracy to Distribute Heroin and Possession of Heroin with Intent to Distribute, Aiding and Abetting. (Doc.45.) The conspiracy existed with, among other people, co-conspirator Cerin Pernisie ("Pernisie"). Ultimately, Pernisie was arrested, and she spoke with arresting officers in an interview. The interview was recorded. It is this recording which is the subject of defendant's motion.

1

Officer Verberra's "summary of her interview" has been provided to defendant in the course of discovery.  According to defendant's motion, the two-page summary by Officer Verberra of Pernisie's interview gave conflicting accounts as to her knowledge, her actions, and how she obtained the heroin. As represented to the Court, at one point, Pernisie appears to identify Fleck as her source, but separately, "she denied putting the heroin on the pallet" for shipment in the package seized by authorities on July 28, claiming "it had to be done before she put it on the pallet. **She said she did not get the heroin from FLECK.**"  The summary concludes:

> "When asked again how the heroin got to her CERIN-PERNISIE replied **it had to be** Mike (Fleck) or one of his relatives. CERIN-PERNISIE said all she knows is that she gets $100 a pallet; she gets antiques because she has had to wrap it and the rest is 'nik naks' to complete the pallet. All she knows is that she ships to Warren Michigan and **does not know who is responsible for the heroin**. I thanked CERIN-PERISIE for her cooperation and she admitted to shipping 'weed' across country a long time ago. The interview was terminated." (Doc. 69, p.4-5.)

The government produced Officer's Verberra's summary of the interview during discovery, but refused to produce the recorded statement.

Defendant contends the recording of Pernisie's interview is *Brady* material because it tends to exculpate defendant from the conspiracy or arguably is impeachment material.  Defendant argues that he has a right to evaluate the context of Pernisie's statements made in the interview and needs to listen to the recording to put the statements in context. Further, defendant argues that failure to review this evidence impacts defendant's right to effective assistance of counsel under the Sixth Amendment because counsel cannot conduct a thorough investigation.  Counsel must be afforded the opportunity to "assess the nature of the interrogation, to judge the demeanor of Pernisie during the interview, and to decipher for himself the meaning of Pernisie's words in context."  (Reply, Doc.73, p.2.)

The government argues that having listened to the recording, Pernisie's statements exculpated her from criminal activity and does not exculpate defendant. Pernisie claimed to have no knowledge as to how the drugs came to be within the package, theorizing that the defendant must have been responsible ("she did not get the heroin from Fleck" and "she does not know who is responsible for the heroin"). The substance of this statement was provided in discovery in the form of a report. Rule 16

2

does not authorize disclosure of a codefendant's statement.  The Jencks Act precludes discovery of witness statements except as provided in the procedure of 18 U.S.C. §3500.  The recorded statement is not *Brady* material because it is inadmissible hearsay since the statement is not made by a coconspirator in furtherance of the conspiracy and is not against penal interest.  Since the statement is inadmissible, the recorded statement is not *Brady* material.

## Analysis and Discussion

### A.  Legal Standards for Brady

The Due Process Clause of the Constitution requires the United States to disclose information favorable to the accused that is material to either guilt or to punishment. In *Brady v. Maryland*, the Supreme Court explained that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194 (1963). In *Giglio v. United States*, the Supreme Court extended the prosecution's disclosure obligation to evidence that is useful to the defense in impeaching government witnesses, even if the evidence is not inherently exculpatory. See *Giglio v. United States*, 405 U.S. 150, 153–55, 92 S.Ct. 763 (1972) ("When the 'reliability of a given witness may well be determinative of guilt or innocence,' nondisclosure of evidence affecting credibility falls within this general rule" (citation omitted)); *U.S. v. Bagley*, 473 U.S. 667, 676, 105 S.Ct 3375 (1985) ("Impeachment evidence, however, as well as exculpatory evidence, falls within the *Brady* rule"); *Kyles v Whitley*, 514 U.S. 419, 437, 115 S.Ct 1555 (1995) ("[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police").

### B.  Legal Standards for Rule 16

Rule 16 does not authorize discovery of any and all information.  Rule 16 authorizes  discovery of specifically enumerated information in the government's possession and "material to preparing the defense."  The Supreme Court has held that information sought for reasons unrelated to responding to the government's case in chief is not "material to preparing the defense." *United States v. Armstrong*, 517 U.S. 456, 462, 116 S.Ct. 1480 (1996) (discussing former Rule 16(a)(1)(C), now rule

16(a)(1)(E))(employing shield and sword metaphor in denying defendant's discovery request for "shield" information relating to his selective prosecution claim because that claim, a "sword" claim, is challenging the prosecution's conduct of the case); *see also United States v. Chon*, 210 F.3d 990, 995 (9th Cir.2000) (citing *Armstrong*, denying discovery request to bolster "sword claims" not relevant to defending against government's case in chief on theft and conversion).

      Defendant contends Rule 16(a)(1)(E)(i) mandates production of the recorded statement. Upon the defendant's request, the government must disclose all "tangible objects . . .within the government's possession, custody, or control . . that are material to preparing the defense." Fed.R.Crim.P. 16(a)(1)(E)(i). "Material" in this context has been defined as "relevant to the development of a possible defense." *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990). To receive discovery, the defendant "must make a threshold showing of materiality, which requires a presentation of facts which would tend to show that the Government is in possession of information helpful to the defense." *U.S. v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010) (quoting *United States v. Santiago,* 46 F.3d 885, 894 (9th Cir.1995)). "Evidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.' " *Stever*, 603 F.3d at 753 (quoting Fed.R.Evid. 401). "Rule 16 permits discovery that is 'relevant to the development of a possible defense.' " *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir.1990). Rule 16 requires disclosures beyond those required by *Brady*'s mandate to produce to the defense "evidence favorable to an accused" that is "material either to guilt or to punishment." *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)*; United States v. Muniz-Jaquez,* 718 F.3d 1180, 1183 (9th Cir. 2013) ("Rule 16 is thus broader than *Brady*. Information that is not exculpatory or impeaching may still be relevant to developing a possible defense.")). Rule 16 and *Brady* therefore impose similar duties on the government to liberally disclose any information that might favor the defense. *U.S.A. v. Boyajian*, CR09-933(A)-CAS, 2016 WL 225724, at *1 (C.D. Cal. Jan. 19, 2016).

C.  **The Recorded Statement is not Exclupatory**

The recorded statement is not exculpatory and need not be produced under *Brady* because the statement is not admissible. *Wood v. Bartholomew*, 516 U.S. 1, 5-6 (1995). Pernisie's statement is inadmissible hearsay. It is not a co-conspirator's statement (Rule 801(d)(2)) because it was not made during and in furtherance of the conspiracy. It is not a statement against penal interest because the statement does inculpate her, but seeks to exculpate her participation in the conspiracy.

Defendant argues that the government conflates the distinction between the obligation to produce exculpatory discovery and the admissibility of evidence. But the duty to provide exculpating evidences arises and falls on whether the evidence is admissible or could have led to favorable admissible evidence. *U.S. v. Price*, 566 F.3d 900, 911 (9th Cir. 2009). The Supreme Court has held that there was no *Brady* error where the prosecutor did not disclose polygraph results that would have been inadmissible, even as impeachment. *Wood v. Bartholomew*, 516 U.S. 1, 5-6 (1995) (reversing the Ninth Circuit's decision holding otherwise because defendant "could have made no mention of [the polygraph results] either during argument or while questioning witnesses"). More recently, the Ninth Circuit has found the alleged suppression of a co-defendant's notes did not constitute a *Brady* violation in part because the notes were likely inadmissible hearsay. *Henry v. Ryan*, 720 F.3d 1073, 1080-81 (9th Cir. 2013) (to be material under *Brady*, evidence must be admissible as evidence or capable of being used to impeach a government witness.)

Here, defendant does not argue how the recorded statement is admissible or how the recorded statement may be used to impeach a government witness. Pernisie is not a government witness. As discussed below, Pernisie is not now a government witness and enjoys the right against self-incrimination.

D.  **The Recorded Statement is not Material to the Defense**

Defendant relies upon *Stever* for the position that the recorded statement is material to the preparation of a defense. See Rule 16(a)(1)(E)(i).

Under Rule 16, defendant arguably has made a threshold showing that the recorded statement is "material" to the defense. *U.S. v. Stever*, 603 F.3d at 752. Defendant has identified the specific

5

piece of evidence it seeks – the recorded statement – and has identified a reason it is material -- Defendant argues it is material so that counsel can independently assess the context in which Pernisie made her statements.

However, "requests which are designed to generally cast for impeachment material ... are not material. Such requests are simply speculative inquiries without basis in fact to believe that the information acquired will be significantly helpful." *United States v. Salyer*, 271 F.R.D. 148, 157 (E.D.Cal.2010).  The purpose for which defendant seeks the recorded statement is for impeachment purposes should he wish to have Pernisie testify.  As defendant candidly relies on: "[t]he adage that a lawyer should never ask a witness a question unless he is reasonably sure of the answer makes the point."  (Doc. 73.)

Further, defendant has not shown that the recorded statement falls within *Giglio*.  Defendant has not shown that "reliability of a given witness may well be determinative of guilt or innocence."  Pernisie is not a government witness and not one who will substantiate the government's case.

The recorded statement is, currently, not material to the defense.  The defense is, nonetheless, on notice of the nature of Pernisie's testimony, via Officer Verberra's summary of the interview.  Pernisie is a defendant in this case and has a Fifth Amendment privilege against self-incrimination.  Thus, the recorded statement could not be used as impeachment against her.  In the event Pernisie cooperates or otherwise waives her privilege, defendant may renew the request for the recorded statement.

### E. Ineffective Assistance

Defendant makes an impassioned plea that counsel must be able to hear the recorded statements.  Counsel argues that counsel cannot provide effective assistance to the defendant if he is guessing about what Pernisie actually said so that he can put the statements in context and determine whether to call her as a witness. (Reply, Doc. 73.)  Defendant argues he should not have to rely upon the prosecutor's interpretation of what Pernisie meant when she denied putting the heroin on the pallet.

The duty for explore discoverable information for exculpatory evidence always falls within the role of the prosecutor.  Prosecutors have "a duty to learn of any favorable evidence known to the

others acting on the government's behalf" and disclose it to the defendant. *Kyles v. Whitley,* 514 U.S. 419, 437–38 (1995). This system mandates that it is the prosecutor's role to review and evaluate evidence for its exculpatory nature.  The government need not disgorge every piece of evidence in its possession. Rather, under *Brady*, the government has an affirmative duty to disclose to the defense evidence that is favorable to the accused and material to guilt.  The recorded statement here is no different.  The prosecutor's duty is to review requested information and determine whether it is exculpatory or otherwise falls within *Brady.* The prosecutor is not required to deliver her entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial. *U.S. v. Bagley*, 473 U.S. 667, 675, 105 S. Ct. 3375, 87 L. Ed. 2d 481 (1985).  The prosecutor here represented to the Court that she complied with her duty to review the evidence and determined its non-exculpatory nature. The Court has no basis on which to disbelieve the government's assertion that it has fully complied with its discovery obligations under Rule 16 and *Brady*.

In defendant's papers and at oral argument, counsel argued that counsel cannot afford effective assistance of counsel to the defendant if counsel is guessing about what Pernisie actually said.

The Sixth Amendment guarantees the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  Ineffective assistance of counsel exists when counsel's performance was deficient and that the deficient performance prejudiced petitioner's defense. *Id.* at 688. Deficient performance is when counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *Id.* That is, counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *See Strickland*, 466 U.S. at 687-88.

Here, counsel's assistance is not below the objective standard of reasonableness.  Counsel has requested the recorded statement, and the Court denies the request.  The recorded statement is not discoverable under Rule 16 and is not *Brady* material.  Accordingly, failure to obtain that information does not render counsel ineffective.

////

**Conclusion**

Defendant Stephen Michael Fleck's motion to compel the government to produce the recorded statement of Cerin Pernisie is DENIED.

IT IS SO ORDERED.

Dated: **April 27, 2016**              /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE